

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

July 14, 2021

Hon. Mae A. D'Agostino
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

Re:    *NYSCOPBA, et al. v. Cuomo, et al.*, USDC-NDNY No. 1:21-CV-535 (MAD/CFH)

Dear Judge D'Agostino:

This Office represents Governor Andrew M. Cuomo, in his official capacity, the State of New York, the New York State Department of Corrections and Community Supervision ("DOCCS), and Acting Commissioner of DOCCS Anthony J. Annucci, in his official capacity (collectively, "Defendants") in the above-referenced case. Pursuant to ¶ 2(A)(i) of this Court's Individual Rules and Practices, Defendants submit this pre-motion letter seeking the Court's permission to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

NYSCOPBA, on behalf of its members, and individual DOCCS Correctional Officers, individually and on behalf of putative class members (collectively, "Plaintiffs"), bring this action pursuant to 42 U.S.C. § 1983 alleging the Defendants' implementation and enforcement of the duly-enacted Humane Alternatives to Long-Term Solitary Confinement Act ("HALT Act") violates Plaintiffs' Fourteenth Amendment substantive due process rights. Specifically, Plaintiffs claim the Halt Act has "created extremely dangerous conditions in the workplace and/or increased the risk of harm to Plaintiffs." Compl. ¶ 29. Plaintiffs seek declaratory and injunctive relief. Compl. ¶ 30. For the reasons outlined below, Plaintiffs' substantive due process claims based on

Hon. Mae A. D'Agostino
July 14, 2021
Page 2 of 3

the assertion that Plaintiffs are being subjected to state-created dangers lack merit and should be dismissed.

Plaintiffs premise that they can state a claim based on allegations that Defendants violated their substantive due process right to a "safe working environment" is constitutionally flawed. That theory of constitutional liability has already been explicitly rejected by the Supreme Court itself, and numerous other courts. *See Collins v. Harker Heights*, 503 U.S. 115, 125–29 (1992) (rejecting as "unprecedented" the claim that the Due Process Clause "guarantee[d] municipal employees a workplace that is free of unreasonable risks of harm"). *See, e.g., Cruz v. N.Y. City Hous. Auth.*, 2004 U.S. Dist. LEXIS 17793, 2004 WL 1970143, at *8 (S.D.N.Y. Sept. 3, 2004) (quoting *White v. Lemacks*, 183 F.3d 1253, 1257 (11th Cir. 1999) ("consensual employment agreements do 'not entitle the employee to constitutional protection from workplace hazards' even if the government employee 'risk[s] losing her job if she did not submit to unsafe job conditions.'"); *Robischung-Walsh v. Nassau County Police Dep't*, 421 Fed. App'x. 38, 40 (2d Cir. 2011) (quoting *Collins*, 503 U.S. at 126 (1992) ("[s]ubstantive due process does not support constitutional liability for claims based solely on a governmental entity's alleged failure 'to provide its employees with a safe working environment.'"); *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 430 (3d Cir. 2006) ("a failure to devote sufficient resources to establish a safe working environment does not violate the Due Process Clause"); *Walker v. Rowe*, 791 F.2d 507, 510-11 (7th Cir. 1986) ("We therefore hold that the due process clause does not assure safe working conditions for public employees.").

Plaintiffs' allegations that Defendants exhibited a deliberate indifference to Plaintiffs' safety do not save their substantive due process claims from dismissal. To be sure, the Supreme Court has held that the government's deliberate indifference to the care of persons in its custody

can shock the conscience for purposes of finding a substantive due process violation (*see Lewis v. County of Sacramento*, 523 U.S. 833, 845 (1998)), but the *Collins* Court made clear that this standard does not apply to persons in an employment relationship with the government. "Petitioner cannot maintain . . . that the city deprived Collins of his liberty when it made, and he voluntarily accepted, an offer of employment." 503 U.S. at 849-50. The case of *Corr. Officers' Benevolent Ass'n v. City of N.Y.*, No. 17 CV 2899, 2018 U.S. Dist. LEXIS 90457 (S.D.N.Y. May 30, 2018*)*, is instructive. Plaintiff Correction Officers' Benevolent Association alleged a substantive due process violation related to the implications to Correction Officer safety by a series of policies and practices to reduce violence against inmates within city jails, including the discontinuation or limitation of the use of punitive segregation. The Court found that "although the COs perform vital work in an inherently dangerous environment, this attention to the safety of [New York City Department of Correction's] inmates, who themselves enjoy a special relationship with the City entitling them to protection pursuant to the Due Process Clause, is exactly the type of competing obligation that makes liability based on the deliberate indifference standard inappropriate." *Corr. Officers' Benevolent Ass'n*, 2018 U.S. Dist. LEXIS 90457, at *14-15.

For all of these reasons, and for several other valid reasons, Defendants respectfully request permission to file a motion to dismiss.

Respectfully submitted,

*Brian W. Matula*

Brian W. Matula
Assistant Attorney General
(518) 776-2599
Brian.Matula@ag.ny.gov